THE TRUSTEES OF THE CORY UNIVERSALIST SOCIETY AT
SPARTA, and others,

*v.*

GEORGE B. BEATTY and others.

1. A bequest of a fund to certain trustees, to be paid after their incorporation, " to employ a preacher of the Universalist denomination," is good as a charitable bequest.

2. Another clause provided that such fund should fall into the estate if the trustees should not become incorporated by special act of the legislature, or otherwise fail to carry out testator's directions for one year after his or his wife's decease. *Held* (1), that the incorporation of

Trustees of Cory Universalist Society *v.* Beatty.

the trustees under the general act for organizing religious societies, is a sufficient compliance with the requirement in that respect. (2.) That the executors' refusal to pay over the fund to the trustees relieves the trustees from the charge of default or negligence in executing the trust within the time fixed by the testator.

On final hearing on pleadings and proofs.

*Mr. A. Q. Keasbey*, for complainants.

*Mr. Thomas Kays* and *Mr. H. C. Pitney*, for defendants.

THE CHANCELLOR.

David Cory, late of Sparta, in the county of Sussex, deceased, died in October, 1870, leaving his will, dated January 1st, 1869, whereby he appointed George B. Beatty, James L. Munson and Francis Easton executors. The twenty-third item of the will is as follows:

" I do hereby order my said executors, or the survivor or survivors of them, to retain in their hands the sum of $12,000, to be retained for the purpose of erecting a building in the village of Sparta, Sussex county, New Jersey, to be called the Sparta Hall, and for the purpose of establishing a church in said place, of the denomination known as Universalist, in manner following: I hereby appoint Robert Mabie, George B. Beatty, Daniel Stillwell, James L. Munson and Philip Kinney, all of the township of Sparta, in said county, trustees, to carry into effect said bequest; and I do hereby order my executors, or the survivor or survivors of them, as soon as conveniently may be after my decease, and as soon as said trustees shall have been incorporated under the act of the legislature of New Jersey entitled an act to carry into effect the foregoing directions, that the said trustees so incorporated as aforesaid, or their successors in office, shall forthwith, after receiving a portion of the $12,000, say $4,500 is sufficient, [to] procure a lot of land, by gift or otherwise, and [to] erect a building suitable for the occasion, or as their wisdom shall direct. I do further order my said executors, and their survivors, to invest the balance of the $12,000 on bond and mortgage, on interest, and to collect and pay over to the said trustees or their successors in office, and also to pay over to said trustees the sums of money that they may need to procure a regular preacher of the gospel, and of the denomination of Univer-

salist. Now, I order and direct that, if the above-named trustees shall refuse or neglect to organize as above described, or their successors in office, for the space of one whole year after my decease, to erect said hall as above described and directed, they having the means to do so, then, in that case, the said sum of $12,000 to revert back to my lawful heirs. But if they shall succeed in erecting said hall, then I order that said trustees, or their successors in office, shall have regular weekly or monthly services in said Sparta Hall, by a minister of the gospel of the denomination known as the Universalist; and the said trustees, or their successors in office, may allow services by the regular denominations to be held in said hall, to be used for any public purpose not immoral; provided, however, that the said Universalist shall have the preference, on all occasions. If the said trustees or corporation shall fail to use said house, or occupy for other purpose than is above described, then, in that case, they forfeit the building, and shall revert back to my lawful heirs."

On the 7th of February, 1870, he executed a codicil to the will, which contained the following:

"I declare and ratify and confirm my said will, in all respects, save so much as relates or respects the building of a certain building, to be called the Sparta Hall. Now I revoke that part of my said will that relates to said hall. But the $12,000 so ordered in said will to be paid over to certain trustees, namely, James L. Munson, James Stanaback, Joseph McMickle, Robert Mabie, William Earl, Daniel Stillwell, George B. Beatty and Philip Kinney—the above-named $12,000, after they shall have established a society of the denomination of Universalist, in Sparta, and also as soon as the trustees shall have been incorporated under the act of the legislature of New Jersey entitled and to carry into effect the foregoing directions, that the foregoing trustees, and their successors in office, may use the above-named funds, or a part of it, at their discretion, or as their wisdom shall direct, to employ a preacher of the above-named denomination; and I further order, that they have preaching at least one-half of the time in the village of Sparta; I further order, that the above directions be complied with in one year after my decease, or the decease of my wife, otherwise the fund will revert back to my lawful heirs, according as my said will directs. I now appoint Job Cory, my son, to be an executor of my said will, with the first-named executors."

The testator's property was very large, amounting to over $100,000. After his death, and on the 29th of July, 1871, all of the trustees named in the codicil, except Philip Mun-

son and George B. Beatty, who declined to act as trustees
because they were executors and because of doubts as to
the validity of the bequest in question, caused to be
recorded, in the office of the county clerk of Sussex county,
a certificate of incorporation, according to the provisions of
the act " to incorporate trustees of religious societies," (*Rev.
p.* 957,) certifying that they had taken upon themselves the
name of " The Trustees of the Cory Universalist Society of
Sparta." The executors have refused to pay over the money,
because they have been advised that there is doubt as to
the validity of the above bequest. The bill is filed by the
corporation and those who joined in the certificate of incor-
poration. It prays that the executors may be decreed to
pay over to " The Trustees of the Cory Universalist Society
in Sparta," or to the individual trustees named in the will,
for the use of the corporation, the legacy of $12,000, in the
manner pointed out in the codicil, in order that it may be
used for the erection of Sparta Hall and to found a Univer-
salist church, in the manner provided in the will and codicil,
and for other and further relief.

The testator intended by the bequest as it originally stood
in his will to devote $12,000 of his estate to the establish-
ment in Sparta of a religious society of the denomination
of Christians called Universalists, and to provide for their
use a place of meeting for worship. He directed his
executors to retain that sum " for the purpose of erecting a
building to be called the Sparta Hall, and for the purpose
of establishing a church in that place of the denomination
known as Universalist." Those purposes were to be
accomplished through the instrumentality of trustees whom
he appointed expressly to carry them into effect, and he
ordered his executors, or the survivors or survivor of them,
to pay over, as soon as conveniently might be after his
decease, to the trustees, provided they should have been
incorporated, a part (which he fixes at $4,500 for a maxi-
mum amount of the $12,000) and directed the trustees to
erect with it a building suitable for the intended purpose,

or according to their discretion; the balance of the $12,000 to be invested by the executors, or the survivors of them, on bond and mortgage at interest, and the interest to be paid over to the trustees or to their successors in office, who were also to receive the sums they might require in order to procure a regular preacher of the Universalist denomination. The hall was to be erected within a year after his decease, and in default thereof, if the trustees should have had the means to put up the building, the $12,000 were to fall into his estate; when the hall should have been erected the trustees, or their successors in office, were to cause to be held regular weekly or monthly religious services there, to be conducted by a minister of the Universalist denomination. The trustees were to be at liberty to permit the hall to be used for religious purposes by persons of other Christian denominations, or for any public purpose not against good morals; provided, always, that such use should not interfere with the use of the hall by the Universalist society. On cesser of the use or misuse of the building, or on failure or abuse of the trust, the building was to go to the testator's heirs.

By the codicil the entire provision in relation to the hall was revoked, and the testator directed that the $12,000 be paid over to certain trustees therein named, being the same trustees named in the will, with the addition of three others, James Stanaback, Joseph McMickel and William Earle, after they should have established a society of the Universalist denomination in Sparta, and, also, should have been incorporated; and they and their successors in their office of trustees were to use the $12,000, or a part of it, at their discretion, to employ a preacher of the Universalist denomination; and he directed that they should "have preaching" at least one-half the time; that is, at least half of the time usually devoted to religious services, which is equivalent to providing for services to be held on every alternate Sunday, at least. If those directions were not complied with within a year from the time of his death, or

of the death of his wife, the fund was to fall into his estate. By this last provision he meant that the bequest should be defeated if the scheme should not be in operation within the time designated. The executors have, it is admitted, hitherto refused to pay over the money or any part of it. The trustees are, therefore, not in default, and the bequest has not been defeated by any negligence on their part. The trustees were incorporated within a year from the time of the testator's death.

It is insisted that the will and codicil both provide that they shall obtain from the legislature a special act of incorporation. I think the testator supposed that a special act would be necessary, but he intended only to require that the trustees should be duly incorporated, so as to have succession, and be enabled fully, as a corporation, to execute the trust. The incorporation under the general law is a sufficient compliance with the requirement, and, under the trust as modified by the codicil, is all that can reasonably be required. There appears to me to be no difficulty in comprehending the testator's meaning. His design was a simple one : to establish a Universalist church in Sparta and provide for supplying the pulpit with a permanent preacher, who should render his services on at least every alternate Sunday in the year. To that end he provides that the $12,000 shall be paid over to the trustees whom he names, and gives them power to use the whole or any part of the fund, at their discretion, for the purpose of employing the preacher ; and that is all of the trust as it stands under the codicil. Not only does he give the discretion to the trustees, but, providing for succession, he gives the discretion to their successors.

The trust is a lawful one. It is a legal charity. . 2 *Story's Eq. Juris.* § 1164. In *Pember* v. *Inhabitants of Kington, Toth.* 34, money given to maintain a preaching minister was held to be to a charitable use. In *Free Reformed Dutch Church of Aquackanonk* v. *Executors of Ackerman*, there was a bequest of property, the interest to be applied to the main-

tenance of a preacher. Chancellor Isaac H. Williamson held it good as a charitable use. In the case before me the thing given is certain; there are competent trustees to take the fund and administer it as directed, and the charity is definite. This court will, therefore, uphold the trust. The executors will be decreed to pay over the $12,000 to "The Trustees of the Cory Universalist Society in Sparta," to be held by them on the trust declared in the codicil.